# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SONYA LAMARCUS HOPKINS | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:15-CV-00203 |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Sonya Lamarcus Hopkins, an inmate confined at FCC Forrest City, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that he was improperly sentenced as a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Docket No. 1. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied. Docket No. 10.

The Court has received and considered the Report and Recommendation along with the record and pleadings. No objections to the Report and Recommendation have been filed to date.[1] The Court agrees with the Magistrate Judge's conclusions that Petitioner's claims are foreclosed by *Beckles v. United States*, 137 S. Ct. 889 (2017), in which the Supreme Court held that the

---

[1] Mr. Hopkins is no longer incarcerated at FCC Forrest City. The Clerk of the Court searched the federal inmate locator and determined that he is now in the Houston Residential Reentry Management program. On November 30, 2017, the Clerk of the Court mailed a second copy of the Report and Recommendation to RRM Houston, giving Mr. Hopkins an additional fourteen (14) days to file written objections.

Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Even so, Petitioner would not be affected by the *Beckles* or *Johnson* decisions, as he was not sentenced as a career offender. Petitioner also cannot show prejudice as his binding plea agreement resulted in a favorable sentence that fell within the guideline range that would have applied had he not been classified as a career offender in the presentence report. Therefore, to the extent Petitioner makes any ineffective counsel argument based on a failure of counsel to object to Petitioner's classification as a career offender, the Court agrees with the Magistrate Judge that such an argument lacks merit. Finally, Petitioner's motion is time-barred by the one-year statute of limitations under 28 U.S.C § 2255(f)(1), and his claims are also barred by the waiver of collateral review contained in his binding plea agreement.

Accordingly, finding no plain error in the findings of fact and conclusions of law of the Magistrate Judge, this Court **ADOPTS** the Magistrate Judge's findings and conclusions as those of the Court. It is thereby **ORDERED** that Petitioner's motion is **DENIED.**

Furthermore, the Court finds that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor

of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that the issues raised by his claims are subject to debate among jurists of reason, and the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 18th day of December, 2017.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE